UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Faculty, Alumni, and Students Opposed to Racial Preferences**, <br><br>            Plaintiff, <br><br> v. <br><br> **New York University Law Review**; **New York University School of Law**; **New York University**; **Betsy DeVos**, in her official capacity as U.S. Secretary of Education, <br><br>            Defendants. | Case No. 1:18-cv-9184 |

# COMPLAINT

Federal law prohibits universities that accept federal funds from discriminating on account of race or sex. *See* 42 U.S.C. § 2000d (Title VI); 20 U.S.C. § 1681 (Title IX). The New York University Law Review is flouting these requirements by using race and sex preferences to select its members—a practice that violates the clear and unequivocal text of Title VI and Title IX. The New York University Law Review is also engaging in illegal race and sex discrimination when selecting articles for publication, as it asks authors to identify their race, sexual orientation, and gender identity when submitting manuscripts and admits on its website that it considers whether these submissions have been written by "authors from underrepresented backgrounds in the legal profession." *See* Exhibit 2. The plaintiff brings suit to enjoin these discriminatory practices, and to ensure that all components of New York University comply with their obligations under federal anti-discrimination law.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Faculty, Alumni, and Students Opposed to Racial Preferences (FASORP) is an unincorporated nonprofit membership association organized under the laws of Texas. Its website is at http://www.fasorp.org.

4. Defendant New York University (NYU) is located in New York, New York 10003. It can be served at its Office of the General Counsel, located at Bobst Library, 70 Washington Square South, 11th floor, New York, New York 10012.

5. Defendant New York University School of Law is located at 40 Washington Square S, New York, New York 10012.

6. Defendant New York University Law Review (NYU Law Review) is a student-edited journal at New York University School of Law.

7. Defendant Betsy DeVos is the U.S. Secretary of Education. Her office is located at 400 Maryland Avenue, SW, Washington, D.C. 20202. She is sued in her official capacity.

## FACTS

8. The NYU Law Review is an academic journal edited and operated by students at NYU Law School. The students select and edit the articles that the Law Review will publish, and they also select the students who serve as members and editors of the Law Review.

9. Until recently, membership on a law review was an academic honor reserved to students who were selected on account of their law-school grades and performance on a writing competition.

10. In recent years, however, the NYU Law Review has been using race and sex preferences to select its members.

11. The NYU Law Review explains its membership-selection policies on its website. *See* http://www.nyulawreview.org/about/member-selection (last visited on October 7, 2018) (attached as Exhibit 1).

12. The NYU Law Review selects 50 new members each year from the rising 2L class. *Id*. The Law Review first extends membership offers to 15 students based solely on their performance on a writing competition. *Id*. After those 15 students are selected, another 15 are chosen solely on the basis of their first-year grades. *Id*. Then eight additional students are selected based on "a combination of their grades and writing competition scores." *Id*.

13. After these 38 students are selected on the basis of merit, the remaining 12 slots are set aside for selections made by the Law Review's "Diversity Committee." *Id*.

14. To enable it to fill this "diversity" quota, the NYU Law Review instructs all applicants to submit a "personal statement" of no more than 500 words. *Id*. The Law Review explains:

> The information contained in these personal statements allows the *Law Review* to realize its commitment to staff diversity. The *Law Review* evaluates personal statements in light of various factors, including (but not limited to) race, ethnicity, gender, sexual orientation, national origin, religion, socio-economic background, ideological viewpoint, disability, and age. With regard to these and other aspects of diversity, applicants should clearly identify and discuss any personal characteristics, background, unique experiences, or qualifications that the applicant would like to bring to the attention of the Selection Committee.

*Id*.

15. The NYU Law Review also permits applicants to submit a résumé, which "can be used to share personal and professional information that cannot be easily communicated through a personal statement," and which "will be used by the *Law*

*Review* to realize its commitment to staff diversity." *Id*. The Law Review instructs applicants to remove their "names and addresses" from their résumé before submitting it. *Id*.

16. The NYU Law Review uses these "personal statements" and résumés to give preferential treatment to women, racial minorities, homosexuals, and transgendered people when selecting its members.

17. The NYU Law Review also discriminates on account of race, sex, sexual orientation, and gender identity when selecting articles for publication.

18. The NYU Law Review requires authors seeking to publish with the journal to submit their manuscripts through a web-based submission service called Scholastica. *See* http://www.nyulawreview.org/submissions (last visited on October 7, 2018) ("During our review periods, we accept submission of unsolicited Articles via Scholastica. We no longer accept submissions by e-mail or by postal service.") (attached as Exhibit 3).

19. When authors submit a manuscript to the NYU Law Review through Scholastica's website, they are invited to provide their "demographic information," including their race, sexual orientation, and gender identity. Scholastica solicits this information only because the NYU Law Review asks for it. *See* Exhibit 4.

20. In the "race" category, authors are invited to check one or more of the following boxes: "Black or African American," "Hispanic or Latino," "American Indian or Alaskan Native," "Asian," "Native Hawaiian or Other Pacific Islander," "White/Non-Hispanic," or "Other, please specify." *See* Exhibit 4.

21. For "sexual orientation," authors are asked to choose between "Prefer not to answer," "Straight/Heterosexual," "Gay," "Lesbian," "Bisexual," or "Other." *See* Exhibit 5.

22. And in the "gender identity" field, authors may respond with "Prefer not to answer," "Male," "Female," "Neither," "Both," or "Genderqueer." *See* Exhibit 6.

23. The NYU Law Review solicits this "demographic information" for the purpose of enabling its article-selection committee to discriminate among authors on account of their race, sex, sexual orientation, and gender identity.

24. The NYU Law Review admits on its website that it seeks to publish articles "written by authors from underrepresented backgrounds in the legal profession." *See* http://www.nyulawreview.org/about (last visited on October 7, 2018) (attached as Exhibit 2) ("[T]he Law Review has been committed to . . . publishing scholarship written by authors from underrepresented backgrounds in the legal profession.").

25. New York University and New York University School of Law have been allowing the NYU Law Review to discriminate on account of race, sex, sexual orientation, and gender identity when selecting its members, editors, and articles.

## STANDING

26. FASORP has associational standing to challenge the defendants' use of race and sex preferences.

27. To establish associational standing, an entity must show that: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

28. Members of FASORP would have standing to challenge the defendants' violations of Title VI and Title IX if they sued as individuals.

29. Faculty members of FASORP who submit articles to the NYU Law Review are being subjected to race and sex discrimination because the NYU Law Review gives preference to articles written by women and racial minorities at the expense of articles written by FASORP members who are white or male. This discriminatory treatment

inflicts "injury in fact." *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). The injury is caused by the NYU Law Review's discriminatory article-selection practices, and that injury will be redressed by an injunction that bars the NYU Law Review from considering the race, sex, sexual orientation, or gender identity of an author when selecting articles for publication.

30.  Members of FASORP who submit articles to the NYU Law Review suffer a separate and distinct "injury in fact" from the journal's membership-selection policies. Because the NYU Law Review has subordinated academic merit to diversity considerations when selecting its members and editors, the articles that FASORP members submit to the Law Review are judged by less capable students—and these are the students who will ultimately make the career-altering decision of whether a professor's article gets accepted for publication or rejected. This inflicts "injury in fact." This injury is caused by the NYU Law Review's use of race and sex preferences, and it will be redressed by an injunction that bars the NYU Law Review from considering race or sex when selecting its members and editors.

31.  There is yet another "injury in fact" inflicted on FASORP members who submit articles to the NYU Law Review: Those who have their articles accepted by the journal must submit to a student-run editing process, and the Law Review's use of race and sex preferences dilutes the quality of the students who edit an author's piece. This "injury in fact" is caused by the NYU Law Review's use of race and sex preferences, and it will be redressed by an injunction that bars the NYU Law Review from considering race or sex when selecting its members and editors.

32.  Members of FASORP who are alumni of the NYU Law Review suffer "injury in fact" from the use of race and sex preferences that diminish the prestige of the law-review credential. *See, e.g.*, Richard A. Posner, *Overcoming Law* 77 (1995) ("The *Harvard Law Review*, with its epicycles of affirmative action, is on the way to becoming a laughingstock."). Law-review membership is supposed to be an academic

honor—and it was always regarded as such until journals started using race and sex preferences to select their members. Now law-review membership at NYU is part of a politicized spoils system and no longer acts as a signaling device for academic ability or achievement. This "injury in fact" is caused by the NYU Law Review's use of race and sex preferences, and it will be redressed by an injunction that bars the NYU Law Review from considering race or sex when selecting its members and editors.

33. Members of FASORP who are female or minority alumni of the NYU Law Review suffer an additional "injury in fact" because their law-review membership is now viewed with suspicion—and it is difficult or impossible for them to prove that they earned their law-review membership through academic merit rather than the largesse of the "Diversity Committee." This "injury in fact" is caused by the NYU Law Review's use of race and sex preferences, and it will be redressed by an injunction that bars the NYU Law Review from considering race or sex when selecting its members and editors.

34. Members of FASORP who are current students at NYU will be denied an equal opportunity to compete for membership on the Law Review on account of their race, sex, sexual orientation, or gender identity. *See Ne. Fla. Chapter*, 508 U.S. at 666. This "injury in fact" is caused by the NYU Law Review's use of race and sex preferences, and it will be redressed by an injunction that bars the NYU Law Review from considering race or sex when selecting its members and editors.

35. Members of FASORP who are female or minority students at NYU—and who would have earned their way on to Law Review without help from the Diversity Committee—will suffer "injury in fact" because their law-review membership will be tainted by the journal's affirmative-action policies. This injury is caused by the NYU Law Review's use of race and sex preferences, and it will be redressed by an injunction that bars the NYU Law Review from considering race or sex when selecting its members and editors.

36. The interests that FASORP seeks to protect in the litigation are germane to the organization's purpose. As its name suggests, FASORP seeks to restore meritocracy at American universities by eliminating the use of race and sex preferences.

37. Neither the claims asserted by FASORP nor the relief requested in this litigation requires the participation of individual FASORP members.

## STATEMENT OF CLAIMS

38. The NYU Law Review is violating Title VI and Title IX by using race and sex preferences when selecting its members, editors, and articles.

39. The NYU Law Review is violating the Second Circuit's interpretation of federal anti-discrimination law by conferring preferences upon homosexuals and transgendered people when selecting its members, editors, and articles. *See Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018).

40. New York University and New York University School of Law are violating Title VI and Title IX by allowing the NYU Law Review to use race and sex preferences when selecting its members, editors, and articles.

41. Secretary DeVos is violating Title VI and Title IX by allowing New York University to receive federal funding while the university, New York University School of Law, and NYU Law Review are discriminating on account of race and sex.

42. The plaintiff brings suit under Title VI, Title IX, the Administrative Procedure Act, and any other law that might supply a cause of action for the requested relief.

## DEMAND FOR RELIEF

43. The plaintiff respectfully requests that the court:

    a. declare that the NYU Law Review's membership-selection and article-selection policies violate Title VI and Title IX;

b.  permanently enjoin the NYU Law Review from considering race, sex, sexual orientation, or gender identity when selecting its members, editors, or articles;

c.  permanently enjoin the NYU Law Review from soliciting "demographic information" about an author's race, sex, sexual orientation or gender identity when considering manuscripts for publication;

d.  order the NYU Law Review to establish a new membership-selection policy that is based entirely on academic merit and that explicitly disavows any consideration of race, sex, sexual orientation, or gender identity or expression, and to submit that revised membership-selection policy to this Court and to the Secretary of Education for their review and approval within 30 days of this Court's judgment;

e.  permanently enjoin the NYU Law Review from selecting any new members or editors without first securing preclearance from this Court and from the Secretary of Education, each of whom must certify that the Law Review's selection of those new members and editors was based on academic merit and was not in any way affected or influenced by race, sex, sexual orientation, or gender identity;

f.  order the NYU Law Review to establish a new article-selection policy that explicitly forbids any consideration of an author's race, sex, sexual orientation, or gender identity or expression, and to establish a new article-selection process that conceals the author's name, sex, race, sexual orientation, gender identity or expression, and all other information that could be used to identify the author before the article is selected for publication, and order the NYU Law Review to submit its new article-selection process to this Court and to the Secretary of

    Education for their review and approval within 30 days of this Court's judgment;

g.  order the Secretary of Education to immediately terminate federal funding to all components of New York University until the NYU Law Review repudiates the use of race and sex preferences when selecting members, editors, and authors;

h.  award similar relief if discovery reveals that New York University or NYU Law School is using race or sex preferences in other matters such as faculty hiring or student admissions;

i.  award costs and attorneys' fees;

j.  grant all other relief that the Court deems just, proper, or equitable.

            Respectfully submitted.

             /s/ Paul Niehaus

JONATHAN F. MITCHELL*     PAUL NIEHAUS
Mitchell Law PLLC        Kirsch & Niehaus
106 East Sixth Street, Suite 900  150 East 58th Street
Austin, Texas 78701       22nd Floor
(512) 686-3940 (phone)     New York, New York 10155
(512) 686-3941 (fax)       (212) 631-0223
jonathan@mitchell.law      paul.niehaus@kirschniehaus.com

* *pro hac vice* application forthcoming

Dated: October 7, 2018       *Counsel for Plaintiff*