

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

March 19, 2019

**<u>VIA ECF</u>**
Hon. Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      RE:    *Faculty, Alumni, and Students Opposed to Racial Preferences v. New York University Law Review* et al., No. 18 Civ. 9184 (ER)

Dear Judge Ramos:

      This Office represents the defendants the United States of America and Betsy DeVos, in her official capacity as U.S. Secretary of Education, (the "Government") in the above-referenced action. I write respectfully pursuant to the Court's Individual Practices for a pre-motion conference in connection with the Government's anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

      The plaintiff has brought suit asserting claims under the APA, Title VI, and Title IX, challenging two regulations adopted by the Department of Education in the 1980s, and seeking an order compelling the Government to cease all federal funding of New York University. Since the plaintiff is not entitled to any of the relief it seeks, the Government seeks to file a motion to dismiss.

      The Government plans to move to dismiss on three bases.

      First, the plaintiff is not entitled to relief under the APA. The plaintiff has failed to comply with the APA's provisions governing waiver of the Government's sovereign immunity and the applicable statute of limitations. The APA is only open as an avenue to relief if there is no other adequate alternative remedy and there has been a final agency action. 5 U.S.C. § 704. Here, the plaintiff has an adequate alternative remedy in the form of an action under Title VI and IX against the alleged discriminators. Moreover, there has been no final agency action for the Court to review. Indeed, the plaintiff has not even initiated the available administrative process let alone completed it. Even if the plaintiff were to cast its claim as a facial challenge to regulations identified in the amended complaint, such a challenge is barred by the applicable six-year statute of limitations. Thus, the plaintiff has no APA claim.

      Second, the plaintiff has no claim against the Government under Title VI or Title IX independent of the APA. Those statutes do not contain an explicit waiver of sovereign immunity, and the Court should not imply one. Putting aside for the moment that the Court would have to

infer a waiver of sovereign immunity, which alone is highly problematic, *Diaz v. United States*, 517 F.3d 608, 611 (2d Cir. 2008) (waiver of sovereign immunity "cannot arise by implication"), the applicable case law and legislative history makes plain that no such cause of action should be inferred, *see Marlow v. U.S. Dep't of Educ.*, 820 F.2d 581, 583 (2d Cir. 1987) (holding that section 504 of the Rehabilitation Act, which, like Title IX, was modeled after Title VI, does not create an implied cause of action against the federal government).  Thus, the plaintiff has no claim against the Government under Title VI or Title IX.

Finally, the plaintiff does not have standing to assert any claims against the Government because it has not alleged injury-in-fact.  The plaintiff does not allege that it or any of its members have filed a complaint with the Department of Education regarding the NYU defendants, nor does the plaintiff identify any of its members that have been actually and concretely effected by any of the NYU defendants' purportedly discriminatory policies.  As a result, the plaintiff does not have standing to sue the Government.

In lieu of a conference, the Government also respectfully requests that the Court enter the following schedule: Government's motion to dismiss due April 19, 2019, the plaintiff's opposition due May 20, 2019, and the Government's reply due June 14, 2019.  The plaintiff consents to this schedule.

We thank the Court for its consideration of this letter motion.

                                        Respectfully,

                                        GEOFFREY S. BERMAN
                                        United States Attorney
                                        Southern District of New York

By:     /s/*Arastu K. Chaudhury*
                                        ARASTU K. CHAUDHURY
                                        Assistant United States Attorney
                                        Tel.: (212) 637-2633
                                        arastu.chaudhury@usdoj.gov

                                        *Attorney for the Department of Justice*

CC: All Counsel of Record (via ECF)