UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Faculty, Alumni, and Students Opposed to Racial Preferences,<br><br>  Plaintiff,<br><br>  v.<br><br>New York University Law Review, New York University School of Law, New York University, and Betsy DeVos, in her official capacity as U.S. Secretary of Education,<br><br>  Defendants. | Civil Action No. 1:18-CV-09184-ER<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
NYU'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| A. | FASORP Lacks Standing to Bring Any of Its Claims | 1 |
| B. | The FAC Fails to Plausibly Allege Discrimination | 5 |
| C. | The Court Should Dismiss the FAC with Prejudice | 10 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)................................................................................................5, 6, 7, 8

*Association Against Discrimination in Employment, Inc. v. City of Bridgeport*,
　647 F.2d 256 (2d Cir. 1981)..................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007)..........................................................................................................5, 6

*Clapper v. Amnesty International USA*,
　568 U.S. 398 (2013)....................................................................................................1, 2, 3

*Cohen v. Brown University*,
　101 F.3d 155 (1st Cir. 1996)...................................................................................................8

*Conley v. Gibson*,
　355 U.S. 41 (1957).................................................................................................................5

*Doe v. Columbia University*,
　831 F.3d 46 (2d Cir. 2016).....................................................................................................5

*DT v. Somers Central School District*,
　588 F. Supp. 2d 485 (S.D.N.Y. 2008).....................................................................................9

*Fisher v. University of Texas at Austin*,
　136 S. Ct. 2198 (2016)...........................................................................................................9

*Glaser v. Upright Citizens Brigade, LLC*,
　2019 WL 1407282 (S.D.N.Y. Mar. 28, 2019).........................................................................7

*Grutter v. Bollinger*,
　539 U.S. 306 (2003)...............................................................................................................9

*Jackson v. Katy Independent School District*,
　951 F. Supp. 1293 (S.D. Tex. 1996).......................................................................................7

*Kajoshaj v. New York City Department of Education*,
　543 F. App'x 11 (2d Cir. 2013)...............................................................................................6

*Kao v. British Airways, PLC*,
　2018 WL 501609 (S.D.N.Y. Jan. 19, 2018)............................................................................7

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)..................................................................................................2

*Martinetti v. Mangan*,
    2019 WL 1255955 (S.D.N.Y. Mar. 19, 2019) ...........................................................9

*McAuliffe et al. v. De Blasio et al.*,
    2019 WL 1119871 (S.D.N.Y. Mar. 4, 2019) .............................................................8

*McCullough v. Board of Regents of the University System of Georgia*,
    623 F. App'x 980 (11th Cir. 2015) ............................................................................5

*Moncada v. Peters*,
    579 F. Supp. 2d 46 (D.D.C. 2008) .............................................................................8

*Mordy's Appliance Repair Service LLC v. Amazon Services LLC*,
    756 F. App'x 71 (2d Cir. 2019) .................................................................................3

*New York Bankers Association, Inc. v. City of New York*,
    2014 WL 4435427 (S.D.N.Y. Sept. 9, 2014)..............................................................3

*Powers v. Ohio*,
    499 U.S. 400 (1991)...................................................................................................4

*Pungitore v. Barbera*,
    506 F. App'x 40 (2d Cir. 2012) ........................................................................5, 6, 8

*Robinson v. Sessions*,
    721 F. App'x 20 (2d Cir. 2018) .................................................................................3

*Sanjuan v. American Board of Psychiatry & Neurology, Inc.*,
    40 F.3d 247 (7th Cir. 1994) .......................................................................................5

*Summers v. Earth Island Institute*,
    555 U.S. 488 (2009)................................................................................................1, 3

*Swierkiewicz v. Sorema N. A.*,
    534 U.S. 506 (2002)...................................................................................................5

*United States v. Richardson*,
    418 U.S. 166 (1974)...........................................................................................1, 4, 7

FASORP admits its conclusory allegations are "unaccompanied by details," but insists it should nonetheless be permitted to take discovery because a "lawsuit based on conclusory allegations of discrimination [may] go forward." Opp. at 17. That is contrary to more than a decade of well-established law. The FAC should be dismissed with prejudice.

### A. FASORP Lacks Standing to Bring Any of Its Claims

FASORP claims its members are "adversely affected" by "tainted" processes at NYU, though not necessarily "the direct victim[s] of the allegedly discriminatory treatment." Opp. at 8, 10. But the FAC's allegations that purport to connect FASORP members to the "tainted" processes are too vague, speculative, and lacking in factual detail to adequately allege standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("[A] theory of standing, which relies on a highly attenuated chain of possibilities, does not satisfy the requirement that threatened injury must be certainly impending." (*citing Summers v. Earth Island Institute*, 555 U.S. 488 at 496 (2009)); *see also United States v. Richardson*, 418 U.S. 166, 176 (1974) (a "generalized grievance" that is "undifferentiated and common to all members of the public" is insufficient).

The FAC alleges unidentified FASORP members have highly contingent and generalized, "some day" plans. Namely, it alleges FASORP's members "intend to continue submitting their scholarship to the NYU Law Review in the future" and "intend to [seek faculty positions at NYU] in the future, <u>or</u> remain potential candidates for visiting professorships and lateral faculty appointments without any need to formally apply." FAC ¶¶ 42, 45 (emphasis added). No factual detail is alleged about the members' plans, including whether they intend to take any action whatsoever to seek positions at NYU. Facts about FASORP's own members are within its possession, and there is no reason it needs to wait for "discovery," Opp. at 3, to

1

disclose the injuries its members will purportedly suffer. The FAC therefore fails to allege a concrete and particularized, certainly impending injury, which is fatal to FASORP's standing. A plaintiff "cannot manufacture standing merely by inflicting harm on [itself] based on [its] fears of hypothetical future harm that is not certainly impending." *Clapper*, 568 U.S. at 416; *accord Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 n.2 (1992) (no injury-in-fact where "the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control").

**Article Selection.** FASORP vaguely implies its members will be harmed because (1) they will author unspecified legal scholarship at some undisclosed future date; (2) submit that scholarship to the Law Review; (3) those members will not accept offers with a competitor law journal before NYU evaluates their articles; (4) the Law Review members who evaluate the FASORP member articles will be the purportedly undeserving "diverse members," having been selected through a holistic review process that does not necessarily disregard their race, sex, sexual orientation, and/or gender identity; (5) if the articles are accepted for publication by the Law Review, the Law Review will staff the "diverse members" as editors on the FASORP member articles; and (6) those "diverse members" will be "less capable," FAC ¶ 34, at selecting and editing FASORP members articles than other NYU Law Review members, although there are no alleged facts from which the Court could plausibly infer that Law Review members selected solely on the basis of grades and a writing competition—neither of which is alleged to entail making publication decisions or editing third party writing—will be more "capable" at those tasks than Law Review members selected on the basis of grades, a writing competition, <u>and</u> diversity. It is hard to imagine a more "highly attenuated chain of possibilities." *Clapper*, 568 U.S. at 411. FASORP "has simply failed to introduce a factual basis that its feared harms

2

would occur, let alone occur 'imminently.'" *New York Bankers Ass'n, Inc. v. City of New York*, No. 13 CIV. 7212 KPF, 2014 WL 4435427, at *11 (S.D.N.Y. Sept. 9, 2014) (granting motion to dismiss where six independent events would need to take place before any harm, and therefore the allegations "fail[ed] to make the leap from mere speculation to a credible threat") (quotation marks omitted); *see also Mordy's Appliance Repair Serv. LLC v. Amazon Servs. LLC*, 756 F. App'x 71, 72 (2d Cir. 2019) (affirming dismissal on the grounds that the complaint's allegations of "potential, future harm" were "too speculative to confer standing").

**Faculty Hiring.** The faculty hiring claim likewise falters, because the FAC is devoid of factual allegations demonstrating FASORP members will have any future contact with NYU as faculty candidates. FASORP alleges its members are "potential candidates" for positions at NYU, FAC ¶ 45, without alleging actions its members will take that will subject them to NYU's purportedly discriminatory hiring. *See Summers*, 555 U.S. at 494 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.")[1]

**Membership Selection.** The claimed injury with respect to FASORP's membership selection claim is even more generalized. FASORP now acknowledges it does not seek to vindicate the rights of any NYU students or alumni, instead challenging the Law Review's membership selection process on behalf of FASORP faculty members. As explained above, the

---

[1] FASORP objects that *Summers* was not decided on a motion to dismiss, but in *Summers*, the Supreme Court wrote that a plaintiff organization must make "specific allegations" about "at least one identified member," *see id.* at 498, and has been interpreted by numerous other courts as applicable to motions to dismiss. *See, e.g.*, Mot. at 13 n.5 (citing such cases); *see also Robinson v. Sessions*, 721 F. App'x 20, 24 (2d Cir. 2018), *cert. denied*, 138 S. Ct. 2584 (2018) ("At most, the complaint articulates 'a highly attenuated chain of possibilities' that could, in combination with a number of unpled facts, perpetrate the alleged constitutional harm.") (citing *Clapper* and *Summers* in affirming dismissal of complaint for lack of standing).

3

FAC's allegations that FASORP members will have any interaction with NYU are too vague to support standing, including with respect to the Law Review's purportedly "tainted" membership selection process. Moreover, FASORP members will not suffer any legally cognizable injury stemming from the Law Review's membership selection. FASORP concedes there is no legal entitlement for its faculty members to be judged or edited by superlatively "capable" student editors. FASORP nonetheless argues that its faculty members have a protected interest in being judged or edited by a student body "that has been chosen lawfully and without any race or sex discrimination." Opp. at 10. In support of this novel legal theory, FASORP relies on a series of cases providing that litigants have third party standing to challenge discrimination in the jury selection process. These cases are unhelpful to FASORP. <u>First</u>, FASORP disclaims third party standing, which is foreclosed for the reasons stated in NYU's opening brief. *See, e.g., Powers v. Ohio*, 499 U.S. 400 (1991) (unlike for NYU students and alumni, "[t]he barriers to a suit by an excluded juror are daunting"). <u>Second</u>, the Supreme Court's conclusion that "[t]he discriminatory use of peremptory challenges by the prosecution causes a criminal defendant cognizable injury" relied on the understanding that such practices "cast[ ] doubt on the integrity of the judicial process and place[ ] the fairness of a criminal proceeding in doubt." *Id.* at 411 (quotations marks omitted). Unlike a litigant's constitutional right to a fair trial, and thus a fairly-selected jury, there is no legal right to a fairly-selected body of student editors of a private academic law journal. Indeed, FASORP's tenuous theory of standing would provide standing for any readers of the Law Review—i.e., the general public—who, under the same logic, have an entitlement to read an academic journal that is not "tainted" by purported discrimination. But there is no standing for a "generalized grievance" that is "undifferentiated and common to all members of the public." *Richardson*, 418 U.S. at 176.

FASORP impermissibly seeks this Court's advisory opinion on its academic interest in diversity (or the lack thereof) at NYU. The FAC fails to adequately allege standing for any of its claims, and the Court need not even reach the issue of whether the FAC fails to state a claim.

### B. The FAC Fails to Plausibly Allege Discrimination

FASORP plays lip service to the plausibility standard mandated by *Twombly* and *Iqbal*, but admits its assertions of discrimination are "unaccompanied by details," Opp. at 17, and grossly misapplies the current pleading standard to the FAC's conclusory allegations, instead relying on cases that applied the "no set of facts" standard the Supreme Court has repudiated. *See, e.g. Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) ("We could go on, but there is no need to pile up further citations to show that *Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough."). FASORP also cites *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), for the proposition that a "lawsuit based on conclusory allegations of discrimination [may] go forward," Opp. at 17, but a plaintiff claiming discrimination must "plead[ ] specific facts that support a minimal plausible inference of such discrimination." *Doe v. Columbia Univ.*, 831 F.3d 46, 56 (2d Cir. 2016) (citations omitted); *cf. McCullough v. Bd. of Regents of the Univ. Sys. of Georgia*, 623 F. App'x 980, 983 (11th Cir. 2015) ("*Swierkiewicz* did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations . . . ." (quotations marks omitted)).

In *Twombly* and *Iqbal*, "[t]he Supreme Court has established a two-step process for determining whether a plaintiff has pled sufficient facts to overcome a motion to dismiss." *Pungitore v. Barbera*, 506 F. App'x 40, 42 (2d Cir. 2012). First, a court must identify the well-

pleaded factual allegations in the complaint, which are presumed to be true, and distinguish them from the legal conclusions, which "are not entitled to the presumption of truth." *Id.* (citing and quoting *Twombly* and *Iqbal*). In the second step, a court considers only those well-pleaded factual allegations, to determine whether they support the plausible inference that the defendant is liable for the purported misconduct. *Id.* "Pleading facts that are merely consistent with a defendant's liability is insufficient." *Id.* (citing and quoting *Twombly* and *Iqbal*).

FASORP urges this Court to omit the first step of the plausibility analysis, asking the Court to assume as true <u>all</u> of the FAC's allegations, including its legal conclusions. That is contrary to well-established law. Allegations that NYU "along with nearly every law school in the United States, discriminates on account of race and sex when hiring its faculty," FAC ¶ 27, or that the Law Review "is violating Title VI and Title IX by using race and sex preferences when selecting its members, editors, and articles," *id.* ¶ 50, are legal conclusions. *See, e.g.*, *Kajoshaj v. N.Y.C. Dep't of Educ.*, 543 F. App'x 11, 14-15 (2d Cir. 2013) (the "naked allegation" that plaintiffs were "treated differently from non-Muslim, non-Albanians" is a legal conclusion that must be plausibly supported by "factual allegations"). Contrary to FASORP's assertion, it is flatly wrong that these legal conclusions "*must* be assumed to be true," Opp. at 16; instead, they must be supported by sufficient factual detail that "nudge [the] claims . . . across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**Faculty Hiring.** The only allegation offered in support of FASORP's faculty hiring claim is the bare legal conclusion that "New York University School of Law, along with nearly every law school in the United States, discriminates on account of race and sex when hiring its faculty, by discriminating in favor of female or minority faculty candidates and against white men." FAC ¶ 27. This "naked assertion" of unlawful behavior that is "devoid of further factual

6

enhancement" is "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79. Because the faculty hiring claim fails to incorporate well-pleaded facts of any kind, it must be dismissed.[2]

**Article Selection.** FASORP fails to respond to NYU's argument that the article selection claim must be dismissed because there is no cause of action under Titles VI or IX for individuals who are neither students nor employees, such as prospective authors. *See* Mot. at 17 n.6. Non-students are not deprived "equal access to an educational program or activity[.]" *Glaser v. Upright Citizens Brigade, LLC*, No. 18-CV-971 (JPO), 2019 WL 1407282, at *8 (S.D.N.Y. Mar. 28, 2019) (dismissing Title IX complaint by non-student). *See also Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293, 1298 (S.D. Tex. 1996) (dismissing Title VI complaint by non-student). Having declined to respond, FASORP "waive[d] . . . that issue." *Kao v. British Airways, PLC*, No. 17 CIV. 0232 (LGS), 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018).

FASORP's article selection claim is also implausible. The allegation that the Law Review "is violating Title VI and Title IX by using race and sex preferences when selecting its members, editors, and articles," FAC ¶ 50, is a bare legal conclusion. As factual support, the FAC alleges only that the Law Review (1) uses a third-party submission platform that permits authors to provide optional demographic information; and (2) seeks to "select[ ] pieces on diverse topics and publish[ ] scholarship written by authors from underrepresented backgrounds." FAC ¶¶ 19-25; *id.* Ex. 2. But the mere collection of optional demographic information, and a facially neutral statement supporting diversity, do not plausibly support

---

[2] FASORP spills much ink disputing NYU's argument that Title VI only permits employment claims where federal funds are "aimed primarily at providing employment." *Association Against Discrimination in Employment, Inc. v. City of Bridgeport*, 647 F.2d 256, 276 (2d Cir. 1981). FASORP instead urges a "textualist interpretation[ ] of [the] statute[ ]," Opp. at 13-14, which is inconsistent with Second Circuit precedent, and—where a private right of action to enforce Title VI is also not written into the statute—illogical. FASORP's hypothetical claim under 42 U.S.C. § 1981 is unalleged, unsupported by factual allegations, and likewise amounts to nothing.

7

discrimination. *See McAuliffe et al. v. De Blasio et al.*, No. 18 CIV. 11657 (ER), 2019 WL 1119871, at *15 (S.D.N.Y. Mar. 4, 2019) (Ramos, J.) ("This conclusion, however, requires one to accept the proposition that a facially neutral policy seeking to improve racial diversity necessarily carries with it a discriminatory intent. That is not the law."); *Moncada v. Peters*, 579 F. Supp. 2d 46, 55 (D.D.C. 2008) (granting summary judgment on Title VII claim where the employer's request for "information about applicants' race . . . as part of the application process . . . ha[d an] obvious legitimate use[ ].").

FASORP's article selection allegations are, at most, "merely consistent with [NYU's] liability." *Pungitore*, 506 F. App'x at 42. The FAC fails to "nudge [the] claim[ ] . . . across the line from conceivable to plausible," *Iqbal*, 556 U.S. at 680, and it should therefore be dismissed.

**Membership Selection.** FASORP's membership selection claim fares no better. FASORP's case boils down to the theory that any institution that has adopted a diversity policy can be hauled into court and subjected to burdensome discovery obligations, but it fails to support that theory with a single on point case. As a threshold matter, its attempt to bring the claim through its faculty members fails because, as explained above, there is no statutory cause of action for prospective authors. FASORP's argument that Titles VI and IX preclude any consideration of race or sex is also unsupported by case law. *See Cohen v. Brown Univ.*, 101 F.3d 155, 170 (1st Cir. 1996) ("Like other anti-discrimination statutory schemes, the Title IX regime <u>permits</u> affirmative action.") FASORP's arguments to save its membership selection claim flounder. <u>First</u>, FASORP contends that the Law Review's membership selection process does not pass muster under Supreme Court precedent because the FAC alleges that the "Law Review's fixed, numerical set-aside of 12 slots reserved for 'diversity' candidates is a constitutionally forbidden quota." FAC ¶ 57. But a "quota" is defined as "a program in which a

certain fixed number or proportion of opportunities are reserved exclusively for certain minority groups." *Grutter v. Bollinger*, 539 U.S. 306, 335 (2003). Apart from alleging the legal conclusion that the Law Review uses a "quota," the FAC does not allege any facts supporting that the twelve "diversity" slots are "reserved exclusively for certain minority groups"—a proposition which is contradicted by the FAC's own exhibits. *See* FAC Ex. 1. Second, FASORP argues that the Supreme Court's university admission cases are not on point because they only permit race-conscious policies endorsed by "university administrators," and not by "second- and third-year law students." Opp. at 20. FASORP cannot have it both ways: it either accuses the conduct and judgment of NYU and its administrators, or seeks (improperly) to hold law students liable through its Titles VI and IX complaint against NYU. *But see DT v. Somers Cent. Sch. Dist.*, 588 F. Supp. 2d 485, 493 & n.11 (S.D.N.Y. 2008), *aff'd*, 348 F. App'x 697 (2d Cir. 2009) ("Title VI claims cannot be asserted against an individual defendant" and where the discrimination is "student-on-student," the educational institution is liable only where it is at least "deliberately indifferent"); *Martinetti v. Mangan*, No. 17-CV-5484 (KMK), 2019 WL 1255955, at *4 (S.D.N.Y. Mar. 19, 2019) ("Numerous district courts in the Second Circuit have held that there is no individual liability under Title IX" (quotation marks omitted)). Third, FASORP contends the Supreme Court only endorsed a university's compelling interest in the diversity of its entire student body. But *Grutter* and its progeny focus on diversity "at the classroom level," *Fisher v. Univ. of Texas at Austin*, 136 S. Ct. 2198, 2219 (2016), which is likewise applicable to the Law Review's small setting that operates to "train[ ] [Law Review] members to become prominent legal minds and social leaders." FAC Ex. 2.

In the event that the Court does not dismiss the FAC for lack of standing, it should dismiss the FAC for failure to state a claim.

**C.     The Court Should Dismiss the FAC with Prejudice**

FASORP does not seek leave to amend its patently deficient allegations, save a request to add a claim under 42 U.S.C. § 1981 without any further factual allegations. For the reasons stated above, and in NYU's opening brief, the Court should dismiss the FAC with prejudice.

Date: April 25, 2019

>Respectfully,
>
>*s/ Stephen D. Susman*
>Stephen D. Susman (SS8591)
>Robert Rivera, Jr. (RR6890)
>Jacob W. Buchdahl (JB1902)
>Arun Subramanian (AS2096)
>Tamar Lusztig (TL1082)
>Jillian Hewitt (EB6850)
>William D. O'Connell (WO2819)
>SUSMAN GODFREY LLP
>1301 Avenue of the Americas
>New York, New York 10019-6023
>Phone: (212) 336-8330
>ssusman@susmangodfrey.com
>rrivera@susmangodfrey.com
>jbuchdahl@susmangodfrey.com
>asubramanian@susmangodfrey.com
>tlusztig@susmangodfrey.com
>jhewitt@susmangodfrey.com
>boconnell@susmangodfrey.com
>
>*Attorneys for Defendant New York University*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April 2019, a true and correct copy of the foregoing was served on all parties via the Court's ECF system.

/s/ Stephen D. Susman
Stephen D. Susman
