UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FACULTY, ALUMNI, AND STUDENTS
OPPOSED TO RACIAL PREFERENCES,

              Plaintiff,

        v.                               **No. 18 Civ. 9184 (ER)**

NEW YORK UNIVERSITY LAW REVIEW;
NEW YORK UNIVERSITY SCHOOL OF LAW;
NEW YORK UNIVERSITY; BETSY DEVOS, in
her official capacity as U.S. Secretary of Education;
UNITED STATES OF AMERICA,

              Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE GOVERNMENT'S MOTION TO DISMISS**

                                              GEOFFREY S. BERMAN
                                              United States Attorney for
                                              Southern District of New York
                                              United States Attorney's Office
                                              86 Chambers Street, Third Floor
                                              New York, New York 10007

    Arastu K. Chaudhury
Assistant United States Attorney
       *Of Counsel*

**TABLE OF CONTENTS**

PRELIMIARY STATEMENT ..................................................................................................1

ARGUMENT .........................................................................................................................3

    I.    *Ex parte Young* Does Not Apply In This Case .................................................3

    II.    Plaintiff Cannot Establish Causation or Redressability ..................................5

        A. Plaintiff's Purported Injury Is Not Traceable to the Secretary ...............................6

        B. Plaintiff's Injury is Not Redressed By A Court Order Against the Secretary .........8

    III.    Plaintiff Fails to Sufficiently Allege Injury-In-Fact .....................................10

CONCLUSION ....................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Wright*,
 468 U.S. 737 (1984) .......................................................................................................... 7

*Am. Disabled for Attendant Programs Today v. U.S. Dep't of Hous. & Urban Dev.*,
 170 F.3d 381 (3d Cir. 1999) ............................................................................................. 9

*Armstrong v. Exceptional Child Ctr., Inc.*,
 135 S. Ct. 1378 ............................................................................................................ 4, 5

*Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin., Inc.*,
 502 U.S. 32 (1991) ........................................................................................................... 4

*Chamber of Commerce v. Reich*,
 74 F.3d 1322 (D.C. Cir. 1996) ......................................................................................... 4

*City of New York v. Mickalis Pawn Shop, LLC*,
 645 F.3d 114 (2d Cir. 2011) ...................................................................................... 3, 10

*Doe v. Holcomb*,
 883 F.3d 971 (7th Cir. 2018) ........................................................................................... 6

*E.E.O.C. v. Peabody Western Coal Co.*,
 610 F.3d 1070 (9th Cir. 2010) ......................................................................................... 5

*Ex parte Young*,
 209 U.S. 123 (1908) ................................................................................................ passim

*Forschner Grp., Inc. v. Arrow Trading Co.*,
 124 F.3d 402 (2d Cir.1997) ....................................................................................... 3, 10

*Freedom Republicans, Inc. v. Fed. Election Comm'n*,
 13 F.3d 412 (D.C. Cir. 1994) ........................................................................................... 7

*Friends of the Earth, Inc. v. Laidlaw Environ. Servs. (TOC), Inc.*,
 528 U.S. 167 (2000) ..................................................................................................... 8, 9

*Grutter v. Bollinger*,
 539 U.S. 306 (2003) ................................................................................................. 11, 12

*Heckler v. Chaney*,
 470 U.S. 821 (1985) ......................................................................................................... 9

*I.N.S. v. Pangilinan*,
 486 U.S. 875 (1988) ......................................................................................................... 9

*In re Dairy Mart Convenience Stores, Inc.*,
 411 F.3d 367 (2d Cir. 2005) ............................................................................................ 6

*J.S. v. Attica Central Schs.*,
 *Schs.*, 386 F.3d 107 (2d Cir. 2004) .............................................................................. 7, 8

*Knight First Amendment Inst. at Columbia Univ. v. Trump*,
  302 F. Supp. 3d 541 (S.D.N.Y. 2018) .......................................................... 7, 8, 10

*Loren v. Levy*,
  No. 00 Civ. 7687, 2003 WL 1702004 (S.D.N.Y. Mar. 31, 2003) ............................................. 7

*Morales v. Trans World Airlines*,
  504 U.S. 374 (1992) ........................................................................................ 4

*National Wrestling Coaches Ass'n v. Dep't of Educ.*,
  366 F.3d 930 (D.C. Cir. 2004) ............................................................................. 7

*Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville*,
  508 U.S. 656 (1993) ................................................................................... 11, 12

*Norton v. S. Utah Wilderness Alliance*,
  542 U.S. 55 (2004) ........................................................................................ 9

*Owner-Operator Independent Drivers Ass'n v. United State Dep't of Transp.*,
  879 F.3d 339 (D.C. Cir. 2018) ............................................................................ 11

*Planned Parenthood of Idaho, Inc. v. Wasden*,
  376 F.3d 908 (9th Cir. 2004) ............................................................................. 6

*Presbyterian Church (U.S.A.) v. United States*,
  870 F.2d 518 (9th Cir. 1989) ............................................................................. 5

*Puerto Rico v. United States*,
  490 F.3d 50 (1st Cir. 2007) .............................................................................. 4

*Rothstein v. UBS AG*,
  708 F.3d 82 (2d Cir. 2013) ............................................................................... 6

*Sharkey v. Quarantillo*,
  541 F.3d 75 (2d Cir. 2008) ............................................................................... 9

*Sherman v. Black*,
  315 F. App'x 347 (2d Cir. 2009) .......................................................................... 9

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976) ....................................................................................... 6

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) .................................................................................. 11

*Steel Co. v. Citizens for a Better Environment*,
  523 U.S. 83 (1998) ...................................................................................... 11

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ............................................................................... 8, 9, 11

*Thompson v. Donovan*, No. 13-CV-2988 (CS),
  2014 WL 5149037 (S.D.N.Y., Oct. 14, 2014) ............................................................... 9

*Wise v. Glickman*,
  257 F. Supp. 2d 123 (D.D.C. 2003) ....................................................................... 4

**Statutes**

| | |
|---|---|
| 5 U.S.C. § 553(e) | 5 |
| 20 U.S.C. § 1683 | 9 |
| 42 U.S.C. § 1981 | 11 |
| 42 U.S.C. § 2000d | 11 |
| 42 U.S.C. § 2000d-1 | 8 |
| 42 U.S.C. § 2000d-2 | 9 |

**Regulations**

| | |
|---|---|
| 34 C.F.R. § 100.7(b) | 5 |
| 34 C.F.R. § 100.8(c) | 9 |

Defendants United States of America and Betsy DeVos, in her official capacity as U.S. Secretary of Education, by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby submits the reply memorandum in further support of the Government's motion to dismiss.[1]

**PRELIMINARY STATEMENT**

After conceding that Plaintiff cannot state a claim against the Federal defendants under Title VI, Title IX, or the APA (the only claim against the United States), Plaintiff is left only with a claim under *Ex parte Young* against the Secretary. Accordingly, the United States of America should be dismissed as a party as there are no longer any claims against it. Additionally, Plaintiff's only remaining claim against a Federal defendant—its claim under *Ex parte Young* against the Secretary—should be dismissed for three reasons.

First, the court should not imply a cause of action under *Ex parte Young* because there are other causes of action available to obtain relief. *Ex parte Young* is a doctrine of last resort—available when there is no other means to obtain necessary relief. Here, Plaintiff has asserted claims under Title VI and Title IX against the NYU Defendants, which, if successful, would provide Plaintiff with the relief it for the alleged discrimination. Moreover, Plaintiff's core claim against the Secretary is that specific regulations promulgated by the Department of Education exceed the applicable statutory and constitutional limits. Congress created the APA to be the vehicle for such a claim. But Plaintiff failed to make use of any available administrative processes, thus closing off the APA as an avenue for relief. The Court should not permit Plaintiff to completely eschew the Congressionally mandated mechanisms for challenging

---

[1] Capitalized terms not defined in this memorandum have the same meaning as set forth in the Government's memorandum of law in support of its motion to dismiss. *See* Dkt. 53.

alleged discrimination by recipients or agency regulations, and allow it instead simply to use *Ex parte Young* to avoid the steps necessary to perfect an APA claim. Thus, the Court should dismiss Plaintiff's claim against the Secretary.

Second, to maintain a claim under *Ex parte Young* here, Plaintiff's alleged injury must be traceable to the Secretary, and the requested injunctive relief against the Secretary must directly and immediately redress the alleged injury. Neither is true here. Secretary DeVos has played no role in the causal chain between Plaintiff's members and the purportedly discriminatory policies of the NYU Defendants. Moreover, the only appropriate relief here, given the statutory and practical limitations on any injunction, would not actually redress any allegedly imminent discrimination that Plaintiff's members purportedly will experience by the NYU Defendants' policies. Thus, Plaintiff fails to allege traceability or redressability vis-à-vis Secretary DeVos, and the claims against her should be dismissed.

Finally, Plaintiff has not alleged injury-in-fact. Plaintiff has not alleged that any of its members have been injured in the past by the NYU Defendants' policies, and Plaintiff fails to make non-conclusory allegations that its members will be injured in the future—Plaintiff even fails to allege sufficient facts to assess whether any purported injury is imminent or conjectural. Instead, Plaintiff alleges that unidentified members, about whom Plaintiff provides no facts other than their intent to apply to positions, may, at some unspecified point in the future, apply for those positions, and thus be injured. Such allegations are too attenuated, and rely on too many speculative inferences to articulate an injury-in-fact.

**ARGUMENT**

**I.     *Ex parte Young* Does Not Apply In This Case**

Since Plaintiff has conceded that it has failed to allege an APA claim, there is no claim against the United States of America, and it should be dismissed as a defendant from this case. Pl. Br. at 13-14.  Also, absent an APA claim, there is no basis for Plaintiff's facial challenge to the regulations identified in the Complaint.  A cause of action implied under *Ex parte Young* has a more limited scope, directed at "officers . . . [who] are clothed with some duty in regard to the enforcement of the laws . . ., and who threaten and are about to commence proceedings . . . to enforce against parties affected [by] an unconstitutional act." *Ex parte Young*, 209 U.S. 123, 155–56 (1908).  Thus, the cause of action limits Plaintiff to seeking injunctive relief for on-going violations of federal law that have directly injured or will imminently injure the Plaintiff's members.  *See id.*  Here, Plaintiff does not allege that Secretary DeVos plans to institute proceedings against Plaintiff or any of its members; rather, Plaintiff's claim is that Secretary DeVos has failed to institute proceedings against NYU.  *See* FAC ¶¶ 67, 70 (i)(j).  Other than the NYU Defendants, Plaintiff does not allege with any specificity that any other entity is directly discriminating against Plaintiff or its members.  *See* FAC ¶¶ 30–45.  Assuming, *arguendo*, that the claim against Secretary DeVos is cognizable under *Ex parte Young*, if successful, Plaintiff would not be entitled to an injunction striking down the regulations; rather, any injunction must be narrowly tailored to address the specific facts of Plaintiff's First Amended Complaint.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011) ("[A] court is only empowered 'to grant relief no broader than necessary to cure the effects of the harm caused by the violation.'" (quoting *Forschner Grp., Inc. v. Arrow Trading Co.*, 124 F.3d 402, 406 (2d Cir.1997)).

But the court should not permit Plaintiff to proceed here with a cause of action implied under *Ex parte Young*. Such a cause of action is a judicially-created implied right of action grounded in the federal courts' equitable powers, and formulated as a back-stop to ensure that federal rights are vindicated for *ultra vires* acts of state officials. *Armstrong v. Exception Child Ctr., Inc.*, -- U.S. ----, 135 S. Cit. 1378, 1384 (2015). While *Ex parte Young* has been extended to federal officials, it remains a non-statutory cause of action, and thus "subject to express and implied statutory limitations." *Id.* at 1385. A claim under *Ex parte Young* should not proceed against federal defendants unless a litigant would otherwise be "wholly deprive[d]" of a "meaningful and adequate means of vindicating its statutory rights" and when Congress has not otherwise precluded judicial review. *Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 43–44 (1991); *Puerto Rico v. United States*, 490 F.3d 50, 59–60 (1st Cir. 2007); *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1327 (D.C. Cir. 1996); *Wise v. Glickman*, 257 F. Supp. 2d 123, 127 n.1 (D.D.C. 2003). When litigants have remedies at law, they are required to avail themselves of those causes of action rather than relying on judicially created, equitable doctrines like *Ex parte Young*. *See Bd. of Governors*, 502 U.S. at 43; *see also Morales v. Trans World Airlines*, 504 U.S. 374, 381 (1992) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.") (citations and quotation marks omitted).

Here, Plaintiff has causes of action other than *Ex parte Young* to vindicate its federal rights in this case. First, Plaintiff has asserted causes of action under Title VI and Title IX against the NYU Defendants, and if successful, those claims will provide Plaintiff the specific relief it seeks, namely, a change in NYU's policies. Second, had Plaintiff availed itself of the

4

available administrative processes, such as submitting a complaint to the Department of Education, or petitioning the agency for a change of its regulations, then there could have been a final agency action subject to APA review. *See, e.g.*, 34 C.F.R. § 100.7(b); 5 U.S.C. § 553(e). To permit Plaintiff to proceed with a cause of action implied under *Ex parte Young* in this context allows Plaintiff to side-step the entire administrative process Congress designed to combat discrimination by federally-funded recipients. *See E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1085–87 (9th Cir. 2010); *Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 526 (9th Cir. 1989). Indeed, there would be no need to comply with the APA at all, if instead, a litigant may directly access the federal courts to sue an agency for prospective relief absent any agency action directly impacting the litigant. Given the availability of a remedy under the APA, this is not "a proper case" for courts to provide the "judge-made remedy" of an implied cause of action in equity to enjoin action by public officials. *Armstrong*, 135 S. Ct. at 1384-85 (stating that the "power of federal courts of equity to enjoin unlawful executive action is subject to express and implied statutory limitations" and holding plaintiffs could not "circumvent" statutory restrictions "by invoking our equitable powers"). Courts that have addressed the issue of whether *Ex parte Young* is the appropriate vehicle for prospective relief against a federal agency have held that the doctrine has been supplanted by the APA. *Peabody Western*, 610 F.3d at 1085-87; *Presbyterian Church*, 870 F.2d at 526. Plaintiff offers no reasons this Court should deviate from the course set in those cases. Thus, the exercise of the Court's powers in equity to fashion a remedy for Plaintiff under *Ex parte Young* is simply not warranted here, and Plaintiff's claim should be dismissed.

## II.      Plaintiff Cannot Establish Causation or Redressability

Plaintiff claims the Government has conflated the requirements of standing with the merits of a claim implied under *Ex parte Young*, Pl. Br. at 12, but Plaintiff is incorrect. *Ex parte*

*Young* is a jurisdictional doctrine, initially created to permit suit when the Eleventh Amendment would otherwise bar any action on the grounds of sovereign immunity. *See In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371–72 (2d Cir. 2005). To properly invoke *Ex parte Young*, a litigant must allege that the official being sued has a "connection with the enforcement" of the purportedly *ultra vires* act. *Ex parte Young*, 209 U.S. at 157. But that litigant must also allege that "his injury is causally connected to that enforcement and that enjoining the enforcement is likely to redress his injury." *Doe v. Holcomb*, 883 F.3d 971, 975–76 (7th Cir. 2018). Thus, the analysis of *Ex parte Young*'s applicability "overlap[s] significantly with the last two standing requirements—causation and redressability." *Id.*; *see also Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004). Here, the analysis of whether *Ex parte Young* can be invoked against the Secretary is coextensive with the Article III analysis of traceability and redressability.

**A. Plaintiff's Purported Injury Is Not Traceable to the Secretary**

Plaintiff's *Ex parte Young* claim should also be denied because the purported injury is not traceable to the Secretary. Plaintiff must show that its purported injury "fairly can be traced to the challenged action of the" Secretary as opposed to "injury that results from the independent action of some third party." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). "The traceability requirement for Article III standing means that the plaintiff must demonstrate a causal nexus between the defendant's conduct and the injury." *Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013) (internal quotation marks omitted).

Here, Plaintiff's *Ex parte Young* claim fails to meet the traceability requirement. The gravamen of Plaintiff's complaint is that the policies of the NYU Defendants discriminate against Plaintiff's members. *See* FAC ¶¶ 30-45, 49-62. At no point in the causal chain linking

6

the purported injury to its purported cause does the Secretary play any role in the alleged discrimination. Instead, Plaintiff asks the Court to make a series of speculative inferences about the effects of the Government's regulations—inferences to which Plaintiff is not entitled. *J.S. v. Attica Central Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (on a motion to dismiss for lack of subject matter jurisdiction, while allegations are accepted as true, the court is "not to draw inferences from the complaint favorable to plaintiffs."); *see also Allen v. Wright*, 468 U.S. 737, 752 (1984) (finding suit challenging an agency's policies or regulations in order to effect a regulated third-party's policies based on too many speculative inferences for there to be standing); *National Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 939–40 (D.C. Cir. 2004) (same); *Freedom Republicans, Inc. v. Fed. Election Comm'n*, 13 F.3d 412, 419 (D.C. Cir. 1994) (same). A more direct link is required between the acts of Secretary DeVos and any purported injury than is alleged in the First Amended Complaint. *See, e.g.*, *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 563–64 (S.D.N.Y. 2018); *see also Loren v. Levy*, No. 00 Civ. 7687, 2003 WL 1702004, at *11 (S.D.N.Y. Mar. 31, 2003) (Chin, J.) ("[A]ctions involving claims for prospective declaratory or injunctive relief are permissible provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action.").

While the Government has taken issue with the decision in *Knight* and does not endorse its holdings, even accepting them, *arguendo*, Plaintiff cannot satisfy traceability as articulated in *Knight*.[2] In *Knight*, the plaintiffs had named, *inter alia*, employees of the Office of the President

---

[2] At the outset, consistent with the Government's position, *supra* Section I, *Knight*, unlike this case, involved circumstances under which no cause of action other than *Ex Parte Young* was available to the plaintiffs—no statute provides for a direct cause of action against the Office of the President of the United States to require unblocking access to the President's Twitter account.

7

as defendants, but the court dismissed all those defendants except the individual who "maintain[ed] some connection to, or responsibility for, the continuing violation" because that individual had access to the President's Twitter account and was responsible for maintaining it. 302 F. Supp. 3d at 559. Here, by contrast, the alleged continuing violation of law and injury to Plaintiff's members is the application of the NYU Defendants' purportedly discriminatory policies, which Secretary DeVos has no hand in generating, administering, or maintaining. Thus, Plaintiff cannot establish Article III traceability, and the claims against Secretary DeVos should be dismissed.

### B. Plaintiff's Injury is Not Redressed By A Court Order Against the Secretary

Plaintiff does not have standing to sue Secretary DeVos because the purported injury is not directly redressable by a court order against Secretary DeVos. Plaintiff must show that "a favorable judicial decision will prevent or redress the injury," *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009), that is, "it is likely, as opposed to merely speculative, that the injury will be redressed" by the sought-after court order, *Friends of the Earth, Inc. v. Laidlaw Environ. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000).

Here, any court order issued to address either the challenged regulations or NYU's federal funding cannot directly and immediately prevent the discrimination Plaintiff claims its members will face. Plaintiff asks the Court to infer a causal chain leading from issuance of an appropriate injunction to the remedy Plaintiff seeks from the Government: termination of NYU's federal funding. Such inferences are speculative and wholly unwarranted. *See Attica Central Schs.*, 386 F.3d at 110. Moreover, the Department is prohibited, by statute, from terminating federal funding to an institution without first taking a series of steps, including attempting to reach a voluntary resolution agreement with the institution, issuing findings to Congress, and permitting Congress time to overrule the Department of Education's decisions. 42 U.S.C. §

2000d-1; 42 U.S.C. § 2000d-2; 20 U.S.C. § 1683; 34 C.F.R. § 100.8(c). The Court cannot issue an order that requires the Department to take steps in contravention of its statutory obligations. *See I.N.S. v. Pangilinan*, 486 U.S. 875, 883 (1988) ("[C]ourts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law."). Insofar as Plaintiff seeks a court order requiring the Department to open an investigation into NYU's policies, and requiring the agency to make specific findings against NYU, such an injunction is inconsistent with a host of applicable legal principles. *See, e.g., Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion"); *Sherman v. Black*, 315 F. App'x 347, 349 (2d Cir. 2009) (finding no error in district court's denial of relief because "an agency's enforcement decisions are a matter of discretion"); *Sharkey v. Quarantillo*, 541 F.3d 75, 89 n.13 (2d Cir. 2008) ("[W]hen a plaintiff challenges an agency's failure to act, the challenge is reviewable under the APA 'only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is required to take.'" (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 65 (2004)); *Thompson v. Donovan*, No. 13-CV-2988 (CS), 2014 WL 5149037 at *8 (S.D.N.Y. Oct. 14, 2014) (in dismissing APA claim, the court noted the "presumption against judicial review of agency decisions that involve whether to undertake investigative or enforcement actions") (quoting *Am. Disabled for Attendant Programs Today v. U.S. Dep't of Hous. & Urban Dev.*, 170 F.3d 381, 384 (3d Cir. 1999)).

If the sum total of the court order Plaintiff seeks simply requires the Department to begin its process consistent with the statute, such an order cannot provide the direct and immediate relief that redressability requires. *See Summers*, 555 U.S. at 493; *Friends of the Earth*, 528 U.S. at 181. Assuming such an order was legally permissible, it cannot directly address Plaintiff's

9

alleged discrimination at the hands of the NYU Defendants, and thus, fails to satisfy the Article III redressability requirement. Again, the decision in *Knight* is helpful to highlight how far Plaintiff is from any reasonable notion of redressability. In *Knight*, the court held that the plaintiffs met the redressability requirement because "the Knight Institute's injury—the inability to read the individual plaintiffs' direct replies to the President's tweets—is a direct consequence of the individual plaintiffs being unable to reply directly to the President's tweets, which is, in turn, a direct consequence of the individual plaintiffs having been blocked." *Knight*, 302 F. Supp. 3d at 564. Here, there are no such direct links between the NYU Defendants' alleged discrimination, and any actions of Secretary DeVos in the context of this case. Further, given the general limitations on any injunction, there is no specific, legally permissible action by Secretary DeVos that the Court may require, which will directly remedy Plaintiff's injury. *See Mickalis Pawn Shop*, 645 F.3d at 144; *Forschner*, 124 F.3d at 406.

### III. Plaintiff Fails to Sufficiently Allege Injury-In-Fact

Limited now to a cause of action implied under *Ex parte Young*, Plaintiff asserts that it does not need to identify any individual member with specific grievances or allege any past harm to any of its members to show standing at this stage of the litigation because Plaintiff has claimed prospective injury by NYU Defendants' policies. Despite Plaintiff's protestations that the prospective injury to its members is "certain," Pl. Br. at 3, Plaintiff has provided only conclusory assertions about its membership and the interests of its members in the positions at issue, *see* FAC ¶¶ 30–45. Without some specific factual allegations regarding potential applicants who are planning to apply for admission to the law review, seeking to publish an article, or applying for a faculty appointment at NYU School of Law, Plaintiff asks the Court impermissibly to "accept[] the organizations' self-description of its members" to determine that

there is some "probability that some of those members are threatened with concrete injury." *Summers*, 555 U.S. at 497. Additionally, without alleging additional facts about actual applicants, the Court cannot assess whether the alleged future injury is imminent or, instead, hypothetical—we simply do not know if or when any of Plaintiff's members will apply for the aforementioned opportunities. *See Spokeo, Inc. v. Robins*, --- U.S. ----, 136 S. Ct. 1540, 1547 (2016). Without allegations of either past harm or specific future actions, Plaintiff fails to allege facts to show that any alleged injury is either "'continuing' or 'imminen[t].'" *Owner-Operator Independent Drivers Ass'n v. United State Dep't of Transp.*, 879 F.3d 339, 346 (D.C. Cir. 2018) (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 108 (1998). While injury-in-fact may not be a high bar, Plaintiff's allegations here are not sufficient to overcome even this minimal threshold.

Plaintiff also misinterprets the import the Supreme Court's citation to *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656 (1993), in *Grutter v. Bollinger*, 539 U.S. 306 (2003). Nothing in *Grutter* alters the fact that *Northeastern Florida* is predicated on there being some governmental action or ordinance directly discriminating against the litigant asserting standing. *Grutter* involved a challenge to the University of Michigan Law School admission policies on, *inter alia*, Fourteenth Amendment Equal Protection grounds. 539 U.S. at 317.[3] The University of Michigan is a public institution, and thus its admission criteria are, in effect, State policy. Indeed the question at the core of *Grutter* was whether "the Law School's use of race is justified by a compelling state interest," and the opinion sought to "directly address[] the use of race in the context of public higher

---

[3] The plaintiff in *Grutter* also brought claims under Title VI, 42 U.S.C. § 2000d, and 42 U.S.C. § 1981. None of which continue to be or have been asserted against the Government here.

education." *Id.* at 328 (emphasis added). The context here is different. NYU is not a public institution of higher education. No governmental entity, state, federal, or local, has had responsibility for developing or administering the policies at issue here. In short, there is no governmental component that serves to ground the alleged injury here, and thus, *Northeastern Florida* and its progeny are inapposite here.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court dismiss the claims against the Secretary and the United States of America.

Dated: New York, New York
June 24, 2019

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

BY: */s/Arastu K. Chaudhury*
        ARASTU K. CHAUDHURY
        Assistant United States Attorney
        86 Chambers Street, 3d Floor
        New York, NY 10007
        (212) 637-2633
        *Attorney for the Government*

To: All counsel of record (by ECF)